UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CATHERINE GOWING, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-2977 |
| | § | |
| SETERUS, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

## I.

Before the Court is the defendants', Seterus, Inc., and Federal National Mortgage Association, motion for summary judgment and brief in support [Doc. No. 30]. Also before the Court are the plaintiff's, Catherine Gowing, response in opposition to the defendants' motion [Doc. No. 34] and the defendants' reply to the plaintiff's response [Doc. No. 35]. The Court having reviewed the documents on file determines that the defendants' motion should be granted.[1]

## II.

This litigation was removed this Court from the 295th Judicial District Court of Harris County, Texas. In her original complaint, the plaintiff complained that the defendants were attempting foreclose on her residence without proper documentation, *i.e.,* (a) Note assignment, (b) defective Note notarization, (c)  incomplete security instrument(s) and improper foreclosure procedures.  It is undisputed that the plaintiff was delinquent in the Note payments. Nevertheless, the plaintiff asserts claims for violations of the Texas Debt Collection Act, the

---

[1] Because plaintiff has not served process upon the remaining defendants in this cause, Audrey Lewis, Jeff Leva, Theresa Perales, Debby Jurasek, Sheila Horak, Tyler Martin, Cole D. Patton, Melissa McKinney and Karl Terwilliger, plaintiff's claims against those defendants are dismissed for want of prosecution.

Texas Deceptive Trade Practices Act, breach of contract, negligence, common law unreasonable debt collection of efforts and seeks an injunction to stop the foreclosure.  The case presents this Court with the legal issue: whether the defendants' claim for foreclosure is time-barred because more than four years allegedly passed from the date the debt was first accelerated in 2008.

### III.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted."  *Id.* at 248.  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  *Id.*  If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted.  *Id.* at 249-50; *see also Shields v. Twiss*, 389 F.3d 142, 149-50 (5th Cir. 2004).

Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 - 87 (1986); *Adams v. Travelers Indem. Co. of Connecticut,* 465 F.3d 156, 163 (5th Cir. 2006).  Where the moving party has met its Rule 56(c) burden, the nonmovant must come forward with "specific facts showing that there is a *genuine issue for trial." Matsushita*, 475 U.S. at 586-87 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); and *Adams*, 465 F.3d at 164.  To sustain the burden, the nonmoving party must produce evidence admissible

at trial showing that reasonable minds could differ regarding a genuine issue of material fact. *Anderson*, 477 U.S. at 250-51; 255; *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998).  In deciding a summary judgment motion, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson,* 477 U.S. at 255.

## IV.

The record shows that the property was foreclosed on February 4, 2014.  After the foreclosure, the plaintiff sought to enjoin an eviction on her claim that the foreclosure was void, as a matter of law, due to the applicable statute of limitations.  The facts show, however, that the 2008 foreclosure notice was rescinded and the property was posted again for foreclosure in October of 2010.  The t record also shows that the Court denied the plaintiff's request for injunctive relief after a hearing [Doc. No. 29].

Continuing her argument that the 2010 foreclosure notice and subsequent foreclosure are void, the plaintiff argues that Tex. R. Civ. P. 736 contains a provision for automatic abatement where the borrower has filed an affirmative suit.   Rule 736(10) provides:

> Abatement and Dismissal.  A proceeding under Rule 736 is automatically abated if, before the signing of the order, notice is filed with the clerk of the court in which the application is pending that respondent has filed a petition contesting the right to foreclose in a district court in the county where the application is pending.  A proceeding that has been abated shall be dismissed.

The plaintiff contends that with the filing of this suit on September 30, 2013, Rule 736 directs that foreclosure is automatically abated.  The Court disagrees with the plaintiff's interpretation of the Rule.  At the time that the plaintiff's suit was filed, Rule 736 permitted automatic abatement in a pending Rule 736 case.  The facts show that the foreclosure posting

occurred in October 2010.  The order permitting foreclosure was signed in July 2013, before the plaintiff filed her Rule 736 petition on September 30, 2013.  Therefore, Rule 736 is inapplicable in this circumstance.

The plaintiff's remaining arguments concerning the statute of limitations, unilateral rescission of an earlier notice of rescission and claims concerning the administration of the plaintiff's account have been addressed in other rulings or, are overruled at this time.

It is so Ordered that the defendants' motion for summary judgment be and it is hereby Granted.

SIGNED on this 20th day of August, 2014.

Kenneth M. Hoyt
United States District Judge